UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

| | |
|---|---|
| KW SONGWRITERS, LLC and RAMS HEAD PROMOTIONS OF KEY WEST LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. _____ ) |
| SMOKIN' TUNA LLC, HANK'S HAIR OF THE DOG, LLC, CAYO HUESO GROUP, INC., LINDA TUREK, and KYLE CARTER, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

## VERIFIED COMPLAINT

Plaintiffs KW Songwriters, LLC and Rams Head Promotions of Key West LLC hereby sue Defendants Smokin' Tuna LLC, Hank's Hair of the Dog, LLC, Cayo Hueso Group, Inc., Linda Turek, and Kyle Carter for the use, promotion, sale, offering for sale, and distribution of goods and services under a confusingly similar mark to Plaintiffs' trademarks within this District.

## INTRODUCTION

Plaintiffs host an annual music festival using the mark KEY WEST SONGWRITERS FESTIVAL. On April 20, 2023, Defendants—each of whom have been personally involved or served as venues for prior Festivals—announced their intention to host a contemporaneous event using the mark KEY WEST SONGWRITERS SESSIONS. **This was the first time Plaintiffs learned of Defendants' infringement**.

Plaintiffs and their legal predecessors have held annual events under the mark KEY WEST SONGWRITERS FESTIVAL—including events located at Defendant Smokin' Tuna—for more than a decade. Last year, Defendant Smokin' Tuna hosted an unaffiliated event under the mark

SMOKIN' TUNA SONGWRITERS SESSIONS. Last week, Defendants unexpectedly changed the name to KEY WEST SONGWRITERS SESSIONS.

**Plaintiffs do not seek to prevent Defendants from hosting a contemporaneous music festival**. Rather, Plaintiffs seek to prevent Defendants from using a confusingly similar mark—one which Defendants are well aware, given the history and communications between the parties, infringes on Plaintiffs' valid marks—to confuse the public into believing Defendants' event is hosted by or otherwise affiliated with Plaintiffs.

In the days since Plaintiffs learned of Defendants' willful infringement, Plaintiffs have worked diligently to (1) attempt informal resolution without court intervention, (2) investigate the extent of Defendants' willful infringement and resulting injury, and (2) engage representation to address Defendants' wrongful conduct. During even such a limited period, Plaintiffs have already become aware of instances of actual confusion among the relevant public. Absent an immediate restraining order, this confusion is certain to escalate, resulting in irreparable economic and reputational injury to Plaintiffs' famous and valuable KEY WEST SONGWRITERS FESTIVAL brand.

In support of their claims, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.      This is an action for federal trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. §§ 1116, 1117, and 1125(a); unfair competition and injury to business reputation under Fla. Stat. §§ 495.151 and 501.201; and common law trademark infringement, unfair competition, tortious conversion, and civil conspiracy.

2.      For nearly three decades, Plaintiffs and their legal predecessors have organized and presented an annual festival known as the Key West Songwriters Festival (the "Festival").

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

3.      Now in its twenty-seventh year, the Key West Songwriters Festival has grown to become one of the largest events of its kind worldwide. The 2023 Festival is set to kick off in a few days, on May 3, 2023. This year's Festival will host more than 200 artists and attract fans from around the world. The Festival also attracts sponsorship from many famous brands including Bud Light, Bose, and Delta. Since the Festival's earliest days, BMI—the nation's largest music rights organization—has been a primary sponsor of the Festival.

4.      Thanks to years of promotion, growth, and careful stewardship, the KEY WEST SONGWRITERS FESTIVAL brand has become an extremely valuable representation of the immense goodwill in the Festival, recognized by musicians and music fans around the world.

5.      Plaintiff KW Songwriters LLC owns the Key West Songwriters Festival and its associated trademarks, including the world-famous KEY WEST SONGWRITERS FESTIVAL word mark and the iconic KEY WEST SONGWRITERS FESTIVAL logo:



6.      Only days ago, Plaintiffs learned that Defendants are promoting a competing event to be held in Key West at the same time as the Festival under the mark KEY WEST SONGWRITERS SESSIONS, seen for example here:

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com



7.      By using a nearly-identical mark in connection with the same services, at the same time, in the same location, Defendants are trying to appropriate the immense goodwill in Plaintiffs' famous KEY WEST SONGWRITERS FESTIVAL brand.

8.      Defendants' infringing use of KEY WEST SONGWRITERS SESSIONS has already caused confusion among the relevant public—and the parties' competing events have not even begun. If Defendants are permitted to continue using the KEY WEST SONGWRITERS SESSIONS mark for their event, then confusion will be rampant.

9.       In this environment of confusion that Defendants have created, Plaintiffs have lost control of the goodwill and business reputation connected to the famous KEY WEST SONGWRITERS FESTIVAL brand. Music fans, artists, advertisers, vendors, and industry professionals will confusedly attribute Defendants' actions to Plaintiffs. This raises an immediate threat of irreparable harm to Plaintiffs and their valuable brand.

10.      Thus, Plaintiffs are forced to bring this action to protect their goodwill and business reputation. Plaintiffs do not seek to prevent Defendants from fairly hosting a competing event, now or in the future. Plaintiffs seek to prevent confusion and the irreparable harm that comes with

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

confusion.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §§ 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

12.     Defendants are subject to personal jurisdiction in this District because, upon information and belief, they are domiciled in this District and direct business activities towards consumers throughout the United States, including within the State of Florida and this District through at least the fully interactive commercial websites, social media accounts, and mobile phone apps described below.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 because all Defendants are, upon information and belief, residents of the State of Florida and reside in this District, and because a substantial part of the events or omission giving rise to Plaintiffs' claims occurred in this District.

## PLAINTIFFS

14.     Plaintiff KW Songwriters, LLC ("KW Songwriters") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 512 Eaton Street, Key West, FL 33040.

15.     Plaintiff Rams Head Promotions of Key West LLC ("Rams Head") is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business located at 512 Eaton Street, Key West, FL 33040.

16.     Plaintiff Rams Head is the sole Member of Plaintiff KW Songwriters LLC.

17.     Plaintiff KW Songwriters is the sole owner of all rights and assets, both tangible

5

and intangible, of the Key West Songwriters Festival (the "Festival"). Plaintiff KW Songwriters owns all trademarks in the Festival, including the marks at issue in this dispute.

## **DEFENDANTS**

18.     Upon information and belief, Defendant Cayo Hueso Group Inc. ("Cayo Hueso") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1302 Flagler Ave. #2, Key West, FL 33040. Upon information and belief, Cayo Hueso is the entity primarily responsible for organizing and presenting the event being promoted as KEY WEST SONGWRITERS SESSIONS.

19.     Upon information and belief, Defendant Hank's Hair of the Dog, LLC ("Hank's") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 409 Caroline Street, Key West, Florida 33040. Upon information and belief, Defendants intend to host the KEY WEST SONGWRITERS SESSIONS event in part at the Hank's Hair of the Dog Saloon located at that address.

20.     Upon information and belief, Defendant Smokin' Tuna LLC ("Smokin' Tuna") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 4 Charles Street, Key West, Florida 33040. Upon information and belief, Defendants intend to host the KEY WEST SONGWRITERS SESSIONS event in part at the Smokin' Tuna Saloon located at that address.

21.     Upon information and belief, Defendant Kyle Carter is a Director and President of Defendant Cayo Hueso. Upon information and belief, Mr. Carter is a resident of the State of Florida with an address at 1302 Flagler Ave. #2, Key West, Florida, 33040

22.     Upon information and belief, Defendant Linda Turek is a registered Member of Defendants Smokin' Tuna and Hank's. Upon information and belief, Ms. Turek is a Director and

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com

Secretary of Defendant Cayo Hueso. Upon information and belief, Ms. Turek resides at 15 Sunset Key Drive, Key West, Florida 33040.

## THE KEY WEST SONGWRITERS FESTIVAL

23.     For nearly three decades, Plaintiffs and their legal predecessors (hereinafter "Plaintiffs") have organized an annual festival known as the Key West Songwriters Festival (the "Festival").

24.     The Key West Songwriters Festival was founded by Charles Bauer in the late 1990s. Until October 2021, the Festival was owned and operated by Mr. Bauer through a Florida corporate entity named Bauer Restaurant Inc.

25.     In October 2021, Mr. Bauer (through Bauer Restaurant Inc.) sold all rights and assets in the Festival, including intellectual property, goodwill, and other intangible assets, to KW Songwriters. Under the purchase agreement, Mr. Bauer continues to assist in managing the Festival as operated by Plaintiffs.

26.     The Key West Songwriters Festival is world-famous. The Festival has become known as a career starter for top country music talent, including household names such as Kacey Musgraves, Florida Georgia Line, Jake Owen, Michael Ray, Randy Houser and Maren Morris.

27.     Over the years, Defendant Smokin' Tuna has frequently been one of the performance venues for the Festival. All of the Defendants have been well aware of the Key West Songwriters Festival for several years.

28.     In late 2019 and early 2020, the Festival presented a few smaller-scale, monthly events at local venues—including Defendant Smokin' Tuna and unrelated third-party venues— under the mark KEY WEST SONGWRITERS SESSIONS (the "Sessions Mark").

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134 T 305.371.8809 F 305.448.4155 ArmstrongTeasdale.com

## PLAINTIFFS' TRADEMARKS

29.     For more than 10 years, Plaintiffs and their predecessors-in-interest have used in commerce the word mark KEY WEST SONGWRITERS FESTIVAL (the "Festival Word Mark") in connection with the Key West Songwriters Festival.

30.     For more than 10 years, Plaintiffs and their predecessors-in-interest have used in commerce, in connection with the Key West Songwriters Festival, the familiar logo featuring a guitar with sunset, water, and palm tree on the body and incorporating KEY WEST SONGWRITERS FESTIVAL on the neck of the guitar (the "Festival Logo Mark"). The Festival Logo Mark is depicted for example here:



31.     During 2019 and 2020, Plaintiffs have also used KEY WEST SONGWRITERS SESSIONS as a mark in connection with musical events. For example, the Key West Songwriter Festival Facebook account posted the following image on October 24, 2019 (**Exhibit 1**):

8

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com



32.     The Key West Songwriter Festival Facebook account posted the following image

on December 3, 2019 (**Exhibit 2**):



33.     Attached hereto as **Exhibits 3–6** are true and correct copies of Plaintiffs'

Facebook posts from 2019–2020 promoting the Key West Songwriter Sessions events.

9

## DEFENDANTS' WILLFUL INFRINGEMENT AND UNFAIR COMPETITION

34.     Plaintiffs recently learned that Defendants have been promoting, and intend to present, a musical performance event under the name KEY WEST SONGWRITERS SESSIONS at the same time as Plaintiffs' KEY WEST SONGWRITERS FESTIVAL.

35.     In 2022, Defendants presented a musical entertainment event at the same time as the Key West Songwriters Festival. Defendants used the mark SMOKIN' TUNA SONGWRITERS SESSIONS in 2022. Here is an example of the branding Defendants used in 2022:



36.     In 2022, Defendants used a mobile app branded with SMOKIN' TUNA SONGWRITERS SESSIONS in conjunction with their 2022 event. Here is an image of the app from the Smokin' Tuna Facebook page:



37.     Attached hereto as **Exhibits 7–14** are true and correct copies of Defendant Smokin'
Tuna's social media posts promoting events

38.     Upon information and belief, Defendants first publicly disclosed their intention to
use the KEY WEST SONGWRITERS SESSIONS mark on April 20, 2023. The Smokin' Tuna
Facebook account posted the following image:

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com



39.     The next day, the Hank's Hair of the Dog Saloon Facebook account posted the following image:



40.     Attached hereto as **Exhibits 15 and 16** are true and correct copies of Defendants

Hank's and Smokin' Tuna' social media posts promoting the Sessions event under the Sessions

Mark.

41.     Then, on April 26, 2023, Defendants' app that had been branded as SMOKIN'

TUNA SONGWRITERS SESSIONS suddenly changed to KEY WEST SONGWRITERS

SESSIONS, as seen here:

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com



42.     The App Store page indicates that the app is developed by Defendant Cayo Hueso Group, Inc.

43.     Attached hereto as **Exhibit 17** is a true and correct copy of the Apple App store website entry for Defendants' mobile phone app using the Sessions Mark (the "Sessions App").

44.     Defendants are well aware of the historical affiliation between KEY WEST SONGWRITERS FESTIVAL and KEY WEST SONGWRITER SESSIONS.   Some of the Festival's KEY WEST SONGWRITER SESSIONS events in late 2019 and early 2020 took place at Defendant Smokin' Tuna Saloon.

45.     At the time, Defendant Smokin' Tuna presented KEY WEST SONGWRITER SESSIONS as a trademark of Key West Songwriters **Festival**, as seen for example in the following social media posts (highlighting added):

14



**Smokin' Tuna Saloon** · Follow
October 18, 2019 · 🌐

Tickets are now available for ==Key West Songwriters Festival's BRAND NEW Songwriter Sessions!==

They kick things off with Craig Wisemen & Lee Thomas Miller,  November 15th & 16th!

Friday Night choose an early show or a late show + Saturday cruise on a Sunset Sail!... **See more**

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  **ArmstrongTeasdale.com**

 **Smokin' Tuna Saloon** · Follow
November 13, 2019 · 🌐

VIP HAS SOLD OUT - LIMITED NUMBER OF TICKETS LEFT!
BUY TODAY: www.songwritersession.eventbrite.com

Only TWO DAYS until the first Key West Songwriter Sessions. ==Key West Songwriters Festival is bringing an incredible evening of music== from Craig Wiseman & Lee Thomas Miller to Smokin' Tuna.

Craig Wiseman is the man behind the hits "Believe" (Brooks & Dunn) & "Boys Round Here" (Blake Shelton). With over 300 cuts, 100 singles and 26 number 1's, Craig is one of country music's most talented and distinguished writers. Which is why he has earned the title 'Songwriter of the Century' by ASCAP.

YOU DO NOT WANT TO MISS THIS!

To purchase your ticket, click on the link above and we will see you on Friday!
#KWSWF #KWSS #LIVEMUSIC #KEYWEST



Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com



*See* **Exhibits 18–20**.

46.     Thus, Defendant Smokin' Tuna's own posts promoted KEY WEST SONGWRITER SESSIONS as a mark of the Festival—**not** of Smokin' Tuna or any other entity. Smokin' Tuna was only presented as one of multiple venues hosting Festival events under the mark KEY WEST SONGWRITER SESSIONS.

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com

47.     On April 26, Plaintiffs transmitted cease-and-desist letters to Defendants Hank's and Smokin' Tuna, care of Defendant Linda Turek, to demand that they cease use of the KEY WEST SONGWRITERS SESSIONS mark and to advise of Plaintiffs' intention to bring this action if Defendants did not cease such use. Attached hereto as **Exhibits 21 and 22** are true and correct copies of the letters served by Plaintiffs' counsel on Defendants.

48.     On April 27, counsel for Defendants acknowledged receipt of Plaintiffs' letters.

49.     To date, Defendants continue to use the confusingly similar KEY WEST SONGWRITERS SESSIONS mark.

50.      As described herein, Plaintiffs have already become aware of significant actual confusion among the relevant public due to Defendants' willful infringement.

### *The Festival Marks are Strong and have Acquired Distinctiveness*

51.     Through decades of promotion and careful stewardship, Plaintiffs have built the Key West Songwriters Festival into an institution famous in Key West and beyond, as recognized by the consuming public, industry participants, and third-party news media.

52.     As a result of the long and widespread use of the KEY WEST SONGWRITERS FESTIVAL marks and the enormous efforts of Plaintiffs and their predecessors to promote the brand over the years, the public draws a strong connection between the KEY WEST SONGWRITERS FESTIVAL marks and Plaintiffs' world-famous Key West Songwriters Festival.

53.     Thus, the KEY WEST SONGWRITERS FESTIVAL mark acquired distinctiveness and had been a strong mark for years before Defendants' recent adoption of KEY WEST SONGWRITERS SESSIONS. This is reflected, for example, in an April 3, 2014 article featured in *USA Today 10 Best* titled "Nashville's Top Artists Migrate South for Key West Songwriter's Festival." The 2014 article explained that the Key West Songwriters Festival "is now the largest

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com

of its kind in the world, with up to 10,000 audience members each year," and that coverage from the Great American Country Channel "giv[es] the festival well-received exposure." Attached hereto as **Exhibit 23** is a true and correct copy of the article.

54.     Defendants themselves have recognized and benefited from the fame of the KEY WEST SONGWRITERS FESTIVAL brand, especially while they were involved in the Festival. In a December 2019 podcast interview titled "Music Festival Talk with Kyle Carter of Mile 0 Fest,"[1] Defendant Kyle Carter described the fame and strength of the KEY WEST SONGWRITERS FESTIVAL mark and the doors opened by the brand. Mr. Carter explained that "a Charlie Bauer and a Songwriters Festival brand has the ability to call, personally call, [a famous songwriter] and say 'would you like to come to Key West and share your music with our fans,' and that's not happening with me."

55.     Plaintiffs, their predecessors, and their sponsorship partners have expended significant resources to develop the widespread recognition and enormous goodwill in the KEY WEST SONGWRITERS FESTIVAL marks. These resources have included, among other things, substantial time and money spent on advertising and promotion, scouting and securing performers, securing vendors and venues, organizing travel arrangements for artists and vendors, and hiring and supervising event staff.

56.     Festival partner BMI in particular, as a presenting sponsor of the Festival, has leveraged its considerable marketing power to promote the Festival.

57.     The fame and strength of the KEY WEST SONGWRITERS FESTIVAL mark is reflected in a wealth of favorable media coverage.

---

[1] Interview available at ***https://hubhopper.com/episode/music-festival-talk-with-kyle-carter-of-mile-0-fest-1579198146*** (last accessed April 28, 2023). Cited portion is around the 7:40 mark.

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

58.     For example, the May 9, 2019 edition of *Florida Weekly* described the magnitude of the Festival:

> After more than two decades of excellence, the Key West Songwriter's Festival has developed more than a cult following — indeed, longtime attendees often brag that the festival is where they first saw so-and-so long before he or she hit it big. And as the festival has grown, it has attracted more than its fair share of huge names in the music world. Case in point? This year, festival attendees are getting a triple whammy of serious celebrity — Brad Paisley, Mitchell Tenpenny and Ryan Hurd are this year's Saturday Night Main Stage Duval concert headliners.

Attached hereto as **Exhibit 24** is a true and correct copy of the article.

59.     A more recent *Florida Weekly* article described how Key West's "musical reputation crescendos every May during the famed Key West Songwriters Festival, staged around the island at the most popular beaches, bars, resorts, historic theaters, and boats." Attached hereto as **Exhibit 25** is a true and correct copy of the article.

60.     The Festival's prominence in the country music industry is also reflected, for example, in the January 23, 2023 edition of *Country Now*, which describes how world-famous country music star Luke Combs met his wife while playing the Key West Songwriters Festival in May 2016. Attached hereto as **Exhibit 26** is a true and correct copy of the article.

### *Defendants' Use of KEY WEST SONGWRITERS SESSIONS is Likely to Cause Confusion.*

61.     Given the near-identity of the parties' respective marks; the identity of the services offered under the marks; the overlapping customer base and location; and the channels of trade and advertising, confusion is all but certain.

62.     Defendants' infringing KEY WEST SONGWRITERS SESSIONS mark is nearly identical to Plaintiffs' KEY WEST SONGWRITERS FESTIVAL marks in sight, sound, and meaning.

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

63.    Defendants are promoting a musical performance event featuring singer-songwriters under the infringing KEY WEST SONGWRITERS SESSIONS mark. This is identical to the services provided by Plaintiffs under the KEY WEST SONGWRITERS FESTIVAL marks.

64.    Both Plaintiffs and Defendants are providing and/or will provide their respective services at restaurants and bars in Key West.

65.    Both Plaintiffs and Defendants use social media, digital advertising, local signage, and local and industry media outlets to promote their respective events.

66.    Based on the timing of Defendants' event, the fame of Plaintiffs' Festival and brand, and Defendants' intimate familiarity with the strength of the KEY WEST SONGWRITERS FESTIVAL marks, Defendants selected the infringing KEY WEST SONGWRITERS SESSIONS mark with the intention to capitalize on Plaintiffs' goodwill.

67.    Plaintiffs have already learned of alarming instances of actual confusion caused by Defendants' infringement—even though the parties' respective 2023 events have not yet commenced, and Defendants only just started using the infringing KEY WEST SONGWRITERS SESSIONS mark a short time ago.

68.    Musical artists are confusedly promoting their appearances for the wrong event. For example, artist Nick Brownell—an artist scheduled to play for KEY WEST SONGWRITERS **SESSIONS** at Defendant Smokin' Tuna—is confusedly and mistakenly promoting his appearance at "**Key West Songwriters Festival**," as seen here (red underscore added):



69.     Attached hereto as **Exhibit 27** is a true and correct copy of the Facebook post by

Nick Brownell reflecting the confusion.

70.     Musical artist Daniel Borge—an artist scheduled to play for KEY WEST

SONGWRITERS **SESSIONS** at Defendant Hank's—is confusedly and mistakenly promoting his

appearance at "**Key West songwriters festival**," as seen here (red underscore added):

22

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com



71.     Attached hereto as **Exhibit 28** is a true and correct copy of the Facebook post by Dan Borge reflecting the confusion.

72.     Musical act Drop Dead Dangerous—an act scheduled to play for KEY WEST SONGWRITERS **SESSIONS** at Defendant Hank's—is confusedly and mistakenly promoting its appearance at "**Key West Songwriter's Fest**," as seen here (red underscore added):

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com



73.     Attached hereto as **Exhibit 29** is a true and correct copy of the Facebook event posted by Drop Dead Dangerous reflecting the confusion.

74.     Musical artist Erica Sunshine Lee—an act scheduled to play for KEY WEST SONGWRITERS **SESSIONS** at Defendant Smokin' Tuna—is confusedly and mistakenly promoting her appearance as her "11th Annual Performance at the" Key West Songwriters **Festival**, as seen here:



75.      Attached hereto as **Exhibit 75** is a true and correct copy of artist Erica Sunshine

Lee's Instagram story reflecting the confusion

76.      Moreover, on April 20, 2023—the same day Defendants are believed to have

unveiled the infringing Sessions Mark—performing artist Brit Taylor mistakenly believed that a

schedule of available performance time slots for KEY WEST SONGWRITERS SESSIONS was actually a list of time slots for KEY WEST SONGWRITERS FESTIVAL.

77.    Attached hereto as **Exhibit 31** is a true and correct copy of the email conversation between the artist's representative and Plaintiffs' event-planning vendor, confusedly requesting a performance time slot at Defendant Hank's.

78.    Industry participants have also indicated confusion regarding the affiliation of Defendants' event. For example, on April 25, 2023, Plaintiffs learned of a third-party website focusing on local bars and restaurants reporting that Smokin' Tuna would be closed in May 2023 for "**Songwriters Fest**." Attached hereto as **Exhibit 32** is a true and correct copy of the Key West Bar Card webpage reflecting the confusion.

79.    The likelihood of confusion is further compounded by the overlap in artists scheduled to play at both events. On April 26, 2023, Defendants announced the artist lineup for KEY WEST SONGWRITERS SESSIONS. At least eight (8) acts--SJ McDonald, Mia Mantia, Cliff Cody, Drew Kennedy, Josh Grider, Gunnar Latham, Garrett Bradford, and Garrett Biggs— are scheduled to play both events. Attached hereto as **Exhibit 33** is a true and correct copy of the Festival    event    schedule    available    on    the    Festival    website, https://www.keywestsongwritersfestival.com/. Attached hereto as **Exhibit 34** is a true and correct copy of the event schedule posted by Defendants to social media.

80.    This overlap in artists only magnifies the likelihood that attendees and others will believe the events are affiliated. Indeed, some artists playing both events are announcing only that they are playing at Plaintiffs' Festival. For example, Garrett Biggs—scheduled to play Defendants' Sessions event at Defendant Smokin' Tuna on May 5—is simply promoting his appearance at KEY WEST SONGWRITERS FESTIVAL on May 3-7, as seen here (red underscore added):



81.     Similarly, artist Drew Kennedy—scheduled to play Defendants' Sessions event at Defendant Smokin' Tuna on May 4—is simply promoting his appearance at KEY WEST SONGWRITERS FESTIVAL on May 3-7, as seen here (red underscore added):

**Upcoming Dates**

**May. 3 - 7, 2023**   Key West Songwriters Festival 2023                                                                **Key West, FL**

82.     Attached hereto as **Exhibit 35** is a true and correct copy of the pictured Drew Kennedy web page.

83.     These postings will cause attendees to mistakenly believe that, wherever they see these artists during the week, they are seeing an event presented by Plaintiffs.

84.     Defendant Hank's further cultivates confusion through its social media posts. Even though Hank's has no affiliation with Plaintiffs or the Key West Songwriters Festival, on April 3,

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155   ArmstrongTeasdale.com

the Hank's Facebook account posted artist Jesse Lynn Madera's announcement that she is scheduled to play at the Key West Songwriters **Festival**:



85.     This post falsely suggests a connection between Hank's and the Festival, even though no such connection exists. The post also set the stage for viewers to conclude, when Hank's subsequently promoted KEY WEST SONGWRITERS SESSIONS, that the two events are affiliated. Attached hereto as **Exhibit 36** is a true and correct copy of the Facebook post in question.

86.     Further, when an individual searches for "Key West Songwriters **Sessions**" in Google, most results are for the Key West Songwriters **Festival**—drastically increasing the

Armstrong Teasdale LLP | 355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134 T 305.371.8809 F 305.448.4155 ArmstrongTeasdale.com

chances that an individual who sees Defendants' infringing use of the Sessions Mark and searches for more information will believe the event is affiliated with Plaintiffs. Attached hereto as **Exhibit 37** is a true and correct copy of the Google search results for "Key West Songwriters Sessions" as of April 28, 2023.

87.     For at least these reasons, Defendants' uses of KEY WEST SONGWRITERS SESSIONS are likely, if not certain, to cause confusion as to source, sponsorship, and/or affiliation with KEY WEST SONGWRITERS FESTIVAL.

## INJURY TO PLAINTIFFS AND THE PUBLIC

88.     Defendants' unlawful activity causes an immediate threat of irreparable harm and injury to Plaintiffs. By creating a likelihood of confusion, Defendants are depriving Plaintiffs of control over Plaintiffs' own business reputations and goodwill.

89.     Defendants' actions deprive Plaintiffs of their absolute right to determine the manner in which their goods and/or services are presented to the general public.

90.     Promotion and production of a musical event is an enormous undertaking involving numerous entities, individuals, and logistical challenges. Managing such an event therefore requires great skill and professionalism. Simply put, a musical festival presents innumerable opportunities for things to go wrong.

91.     While Plaintiffs hope for the best, they have absolutely no control over the way Defendants run their event. In an environment of confusion, any negative occurrence at one of Defendants' venues—a fight, vandalism, indecent behavior by an artist, an angered sponsor—is likely to be imputed to Plaintiffs, unjustly damaging Plaintiffs' business reputation among attendees, sponsors, and/or the Key West community.

92.     Defendants are free to run their event as they see fit, but **only** if Defendants' actions

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com

will be attributed to Defendants alone. As long as there is confusion, Plaintiffs are at Defendants' mercy.

93.     Defendants' actions also harm the consuming public because consumers are and will be deceived as to the origin or sponsorship of Defendants' services. In particular, attendees at Defendants' events will believe the events are affiliated with the Key West Songwriters Festival.

94.     Plaintiffs are entitled to injunctive relief restraining Defendants, heir officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiffs' rights.

95.     Plaintiffs are further entitled to recover from Defendants the damages, including treble damages, interest, and attorney fees and costs it has sustained arid will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs.

## COUNT I

### FEDERAL UNFAIR COMPETITION
### SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

96.     Plaintiffs reassert and reallege the other paragraphs of this Complaint as though fully set forth herein.

97.     KW Songwriters owns all rights in the KEY WEST SONGWRITERS FESTIVAL mark and the KEY WEST SONGWRITERS FESTIVAL logo mark. The marks have acquired distinctiveness in the minds of the public as identifiers of KW Songwriters and the services they provide. KW Songwriters and its predecessors-in-interest have used the marks, and the marks have acquired distinctiveness, before Defendants commenced use of KEY WEST SONGWRITERS SESSIONS.

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

98.     Defendants' foregoing uses of KEY WEST SONGWRITERS SESSIONS as described herein are uses in commerce.

99.     Defendants' foregoing uses of KEY WEST SONGWRITERS SESSIONS as described herein have created and will continue to create a likelihood of confusion, deception or mistake on the part of the public with regard to Defendants' affiliation with Plaintiffs.

100.     Defendants' actions described herein, which Defendants have performed in competition with Plaintiffs, have been willful and intentional, with knowledge of their wrongful nature.

101.     By reason of the foregoing, the Defendants have been unjustly enriched and Plaintiffs have been injured and damaged in an amount to be determined.

102.     Unless the foregoing alleged actions of the Defendants are enjoined, Plaintiffs will continue to suffer irreparable damage, for which it has no adequate remedy at law.

## COUNT II

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201

103.     Plaintiffs reassert and reallege the other paragraphs of this Complaint as though fully set forth herein.

104.     Defendants have conducted trade with deceptive practices and unconscionable acts. As more fully alleged above, Defendants willfully misappropriated KW Songwriters' marks and related goodwill in competition with Plaintiffs.

105.     Defendants are not serving Plaintiffs, or acting with the authorization, direction, or approval of Plaintiffs.  Defendants' actions have actually deceived or have a tendency to deceive a substantial segment of the purchasing public.

106.     The public and legitimate business enterprises are likely to be damages as a result

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

of the acts set forth above, and by reason of those acts, defendants have engaged and are engaging in deceptive trade practices or acts in the conduct of a business, trade or commerce, or in the furnishing of services, in violation of Section 501.201 et seq. of FDUTPA.

107.     Wherefore, Plaintiffs demand judgment against Defendants in an amount to be determined, as well as an injunction against Defendants.

## COUNT III

### FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

108.     Plaintiffs reassert and reallege the other paragraphs of this Complaint as though fully set forth herein.

109.     Defendants' use KEY WEST SONGWRITERS SESSIONS without consent, and this unauthorized use is likely to cause mistake or to deceive.

110.     Defendants' actions described herein, which Defendants have performed in competition with Plaintiffs, have been willful and intentional, with knowledge of their wrongful nature.

111.     By reason of the foregoing, the Defendants have been unjustly enriched and Plaintiffs have been injured and damaged in an amount to be determined.

112.     Unless the foregoing alleged actions of the Defendants are enjoined, Plaintiffs will continue to suffer irreparable damage, for which it has no adequate remedy at law.

## COUNT IV

### FLORIDA COMMON LAW UNFAIR COMPETITION

113.     Plaintiffs reassert and reallege the other paragraphs of this Complaint as though fully set forth herein.

114.     Consumer confusion is likely or inevitable as a result of Defendants' acts described

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  T  305.371.8809  F  305.448.4155  ArmstrongTeasdale.com

herein.

115.    Defendants' actions described herein, which Defendants have performed in competition with Plaintiffs, have been willful and intentional, with knowledge of their wrongful nature.

116.    By reason of the foregoing, the Defendants have been unjustly enriched and Plaintiffs have been injured and damaged in an amount to be determined.

117.    Unless the foregoing alleged actions of the Defendants are enjoined, Plaintiffs will continue to suffer irreparable damage, for which it has no adequate remedy at law.

WHEREFORE, Plaintiffs KW Songwriters, LLC and Rams Head Promotions of Key West LLC demand judgment against Defendants, including:

a.   injunctive relief, including without limitation a temporary restraining order, preliminary injunction, and permanent injunction;

b.   all monetary damages suffered by Plaintiff;

c.   punitive damages;

d.   attorneys' fees and costs;

e.   pre-judgment and post-judgment interest on any award; and

f.   any other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiffs KW Songwriters, LLC and Rams Head Promotions of Key West LLC hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Armstrong Teasdale LLP  |  355 Alhambra Circle, Suite 1250, Coral Gables, FL 33134  **T**  305.371.8809  **F**  305.448.4155  ArmstrongTeasdale.com

Date:  April 28, 2023.

ARMSTRONG TEASDALE LLP

By: /s/ Glen H. Waldman
    Glen H. Waldman, Fla. Bar No. 61824
    Michael A. Sayre, Esq., Fla. Bar No. 17607
    355 Alhambra Circle, Suite 1250
    Coral Gables, FL 33134
    305.371.8809
    305.448.4155 (facsimile)
    gwaldman@atllp.com
    msayre@atllp.com

    Mark A. Thomas (*pro hac vice* forthcoming)
    Melanie E. King (*pro hac vice* forthcoming)
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    mathomas@atllp.com
    meking@atllp.com

    ATTORNEYS FOR PLAINTIFFS KW
    SONGWRITERS, LLC AND RAMS HEAD
    PROMOTIONS OF KEY WEST LLC

## **UNSWORN VERIFICATION UNDER 28 U.S.C. § 1746**

I DECLARE, under penalty of perjury, that I have read the foregoing Verified Complaint and that the same is true and correct.


Dated: April 28, 2023


KW SONGWRITERS LLC


_____

By: Kyle Muehlhauser, Authorized Representative


RAMS HEAD PROMOTIONS OF KEY WEST LLC


_____

By: Kyle Muehlhauser, Authorized Representative